*In re* TOWNLEY'S WILL.

(*Surrogate's Court, New York County.*  February 13, 1889.)

WILLS—PROBATE.

    A will had three subscribing witnesses. The signature of one was illegible. One
witness identified her signature, but forgot the circumstances attending its execu-
tion.  The third witness identified her signature, and testified that she saw testa-
trix sign the will; that the three subscribing witnesses were present; that the at-
testation clause was read to them before they signed; that they were told it was a
will, and asked to sign as witnesses in the presence of testatrix.  The signature of
testatrix was positively identified.  *Held,* that the will was sufficiently proven,
under Code Civil Proc. N. Y. § 2620, providing that the will may, under such cir-
cumstances, be established by proof of the handwriting of testatrix and the sub-
scribing witnesses, and such circumstances as would prove the will on the trial of
an action.

Application for the probate of the will of Jane W. Townley.

*Frank B. Cotton,* for proponent.  *W. J. Underwood,* for contestant.

RANSOM, S.  The evidence fully establishes that at the time the alleged
testatrix executed the paper propounded she was of sound mind, and under
no restraint, nor subject to undue influence.  The only point in question is
whether the substantial requirements of the statute were complied with in
executing the paper.  The proof on this point is almost wholly confined to the
testimony of one of the subscribing witnesses, Margaret J. B. Erwin, which
was taken by commission.  There were three subscribing witnesses, one of
whom the proponent has been unable to find, and whose signature is illegible.
Another subscribing witness, Mrs. Eliza H. Townley, identified her signature,
but the circumstances attending the execution of the paper had passed entirely
from her memory.  She also testified that the body of the paper is in the hand-
writing of her husband.  The testimony of Mrs. Erwin, as taken by commis-
sion, is substantially as follows: She identified her own signature, which ap-
pears on the paper as that of the second subscribing witness, and testified
further that the signing of the paper took place in Mr. Townley's sitting-room,
in Elizabeth, N. J., there being present Mr. Robert W. Townley, his wife, the
testatrix, and a man whose name she cannot remember, but who signed as
first subscribing witness; that either Mr. Robert W. Townley or the testatrix
asked her to sign as a witness, the testatrix being present when the request
was made; that Mr. Townley said, while she and the other witnesses were
signing, that the paper was a will, and the testatrix was present when such
statement was made; that she and the other two witnesses signed in the pres-
ence of the testatrix and in the presence of each other, and that she thought
Mr. Townley read the paper aloud.  On a subsequent examination she testi-
fied that Mr. Townley showed the testatrix where to sign the paper, and that
she (the witness) saw her sign, and at the time of such signing the three sub-
scribing witnesses were present; that after the testatrix had signed, Mr. Town-
ley read aloud the attestation clause in her presence, and in the presence of
the three witnesses before they signed as witnesses.  Cyrus W. Loder and
Sarah A. Loder, called by proponent, positively identified the signature of the
testatrix.  Under section 2620, Code Civil Proc., this paper is established as
the last will and testament of Jane W. Townley by the testimony of Eliza H.
Townley, who identifies her own signature, and by that of Margaret J. B.
Erwin, who not only positively identifies her own signature and that of the
testatrix, but also gives proof of other circumstances sufficient to prove the
will.  The will is admitted to probate.